**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2017*
Decided April 14, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-4087

| | |
|---|---|
| PAT SCHOTTLER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 16-cv-415-jdp |
| | |
| STATE OF WISCONSIN, et al., | James D. Peterson, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Pat Schottler appeals the dismissal of his complaint alleging that his First Amendment right to free speech was violated when a librarian whom he sought to date obtained a "harassment injunction" against him in Wisconsin state court. The district court determined that the *Rooker–Feldman* doctrine barred the suit and dismissed the case. We affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

According to Schottler's complaint, a librarian at a public library twice turned him down for a date. He continued to visit the library and wrote to the local newspaper about the rejection. The newspaper forwarded his letter to the librarian, who hired an attorney and obtained from a Wisconsin state court an injunction that prohibited Schottler from contacting her or causing anyone to contact her. The injunction, Schottler believes, restricts him from speaking to the press about the state court's proceedings. Schottler unsuccessfully appealed through the state courts to the Supreme Court of Wisconsin, which denied review. *Rickard v. Schottler*, 887 N.W.2d 895 (Wis. 2016).

Schottler then filed this suit against the librarian, her attorney, and the State of Wisconsin, contending that all three violated the First Amendment by restricting his free-speech rights. He sought an order that would (1) uphold his "constitutional right to ask a girl out on a date or write the newspaper" and (2) declare the injunction "null and void." The district court concluded that Schottler's suit was barred by the *Rooker-Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

On appeal Schottler generally challenges the district court's dismissal. The court, however, properly dismissed his complaint based on *Rooker-Feldman*. That doctrine bars federal district courts from exercising jurisdiction over cases like Schottler's that are brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced. *See Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016). Schottler now disclaims asking the district court to review the state court's injunction, but the source of his alleged injuries is the injunction's prohibition against speaking to the librarian and the press, and he may not circumvent the effect of *Rooker-Feldman* by casting his complaint as a federal civil-rights action. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 997 (7th Cir. 2000).

We have considered Schottler's remaining arguments and conclude that none has merit. The judgment of the district court dismissing Schottler's complaint is AFFIRMED, and Schottler's motions to file a supplemental brief and memorandum are DENIED.